**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000970
20-OCT-2016
09:16 AM**

NO. CAAP-14-0000970

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RT IMPORT, INC.,
Plaintiff-Appellee,
v.
JESUS TORRES and MILA TORRES, DBA HAWAIIAN QUILT WHOLESALE,
Defendants-Appellants,
and
WORLDWIDE FLIGHT SERVICES, INC. and DOES 1-5,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1890)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendants-Appellants Jesus Torres and Mila Torres (together, **Appellants**), doing business as Hawaiian Quilt Wholesale, appeal the "Order Granting Plaintiff RT Import's Motion for an Order to Confirm Final Award of Arbitrator Dated April 2, 2014" (**Order Confirming Final Award**) and "Judgment" both entered on July 1, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellants contend the circuit court erred when it granted the May 20, 2014 "Motion For an Order to Confirm Final Award of Arbitrator Dated April 2, 2014" (**Motion to Confirm Award**), submitted by Plaintiff-Appellee RT Import Inc. (**RT Import**) because (1) the arbitrator administrator abused her discretion when she refused to hear and decide Appellants'

---

[1] The Honorable Edwin C. Nacino presided.

"Motion to Set Aside Final Award of Arbitrator" (**Motion to Set Aside**); (2) the circuit court erroneously concluded that the case was not a Court-Annexed Arbitration Program case; and (3) the Hawaii Arbitration Rules permit a losing party to appeal the arbitration award and demand a trial de novo.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal is without merit.

This appeal arises from a binding arbitration entered into through stipulation by Appellants and RT Import. RT Import filed its Complaint in the District Court of the First Circuit. Appellants removed the case to circuit court. Appellants and RT Import, along with their counsel, signed the "Stipulation and Order Re Binding Arbitration," filed on January 16, 2014. Appellants and RT Import stipulated, pursuant to Hawaii Revised Statutes (**HRS**) chapter 658A, to binding arbitration under the auspices of Dispute Prevention and Resolution, Inc. (**DPR**). Appellants and RT Import mutually selected the retired Honorable Patrick K.S.L Yim (**Judge Yim**) of DPR as the Arbitrator. The arbitration at issue was never part of the State of Hawai'i's Court-Annexed Arbitration Program.

The arbitration hearing was conducted at the offices of DPR in Honolulu, Hawai'i. Judge Yim submitted his "Final Award of Arbitrator," dated April 2, 2014, in favor of RT Import. On April 22, 2014, Appellants submitted the Motion to Set Aside with DPR, not with circuit court. The DPR case manager emailed the parties to inform them that "[p]ursuant to the DPR Arbitration Rules and HRS [chapter] 658A, DPR has no authority to consider or rule on the [Motion to Set Aside]."

Appellants' points on appeal are resolved as follows:

(1) when the circuit court heard RT Import's Motion to Confirm Award, Appellants did not raise HRS chapter 658A as a basis for challenging the arbitration award;

2

(2) the DPR case manager had no authority to consider or rule on the Appellants' Motion to Set Aside under HRS chapter 658A; and

(3) this case was never part of the Court-Annexed Arbitration Program or subject to the rules of the program, but instead was conducted pursuant to HRS chapter 658A.

Therefore,

IT IS HEREBY ORDERED that the July 1, 2014 "Order Granting Plaintiff RT Import's Motion for an Order to Confirm Final Award of Arbitrator Dated April 2, 2014" and July 1, 2014 "Judgment" both entered in the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, October 20, 2016.

On the briefs:

Barry L. Sooalo
for Defendants-Appellants.

Robert E. Badger
(Badger Arakaki)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3